# BEYER v. UNITED STATES

Decided January 30, 1970

*Solicitor General Griswold* for the United States.

Memorandum of MR. JUSTICE HARLAN, Circuit Justice.

While I am always reluctant to interfere with the action of the Court of Appeals on matters of bail pending appeal to that court, I feel constrained under all the circumstances revealed by the papers before me* to grant

---

*The applicant was convicted in the District Court for the Western District of New York of assaulting a federal officer in the performance of his duties, the jury being unable to reach a verdict with respect to three codefendants. After sentencing the applicant to prison, the District Court admitted him to bail in the amount of $5,000 pending appeal to the Court of Appeals. His counsel filed a notice of appeal and docketed the record in the Court of Appeals. However, no brief was filed on the applicant's behalf at the time it was due.

On January 5, 1970, when the applicant's brief was seven months overdue, the United States moved to dismiss the appeal for want of prosecution. The applicant's counsel responded, attempting to explain his failure to file a brief or to request any extension of time from either the United States Attorney or the Court of Appeals on the grounds that it resulted from an oversight and that counsel had been engaged in preparations for the retrial of the codefendants who had not been convicted at the first trial.

Before action on the motion to dismiss the appeal, the United States also moved in the District Court for the Western District of New York for revocation of applicant's bail pending appeal, on the ground that petitioner had been indicted in state court for burglary, criminal mischief, riot, and criminal tampering, arising out of an incident subsequent to the applicant's conviction in this case. The

this application.  Cf. Fed. Rule App. Proc. 9 (b) ; *Febre* v. *United States, ante,* p. 1225.  This is of course without prejudice to any application by the United States for a further revocation of bail upon an appropriate showing.

---

District Court delayed action on that motion pending decision by the Court of Appeals on the motion to dismiss.

On January 19, 1970, the Court of Appeals declined to dismiss the appeal, but rather granted applicant until February 9, 1970, to file his brief and appendix and revoked the order admitting him to bail.  The Court of Appeals did not give a reason for the revocation of bail, and the United States does not dispute the applicant's statement that the pending state indictment was not called to the attention of the Court of Appeals on the motion to dismiss.